A. H. DAVENPORT COMPANY, a corporation of the State of Massachusetts *vs.* JOHN EDWARD ADDICKS.

*Affidavit of Defense; Sufficiency of—Judgment refused in case of Doubt—Book Account—"Purchase"; Construction of the Word—Practice.*

1. In an affidavit of defense the defendant alleged "that he verily believes there is a legal defense to a part of the cause of action in the said suit, the nature and character of which defense is as follows, to wit: That he never purchased or authorized the purchase of the following mentioned items of personal property and services in the copy of the book entries attached to the affidavit of demand in said suit, to wit" : &c. "Said defendant specifies as the sum which he admits to be due said plaintiff, the sum of," &c. *Held* sufficient and judgment refused.

2. Whenever there is a doubt the Court will not permit judgment to be taken at the first term on affidavit of demand.

3. A reasonable construction of the word "purchase" would cover defendant's liability as purchaser either express or implied, upon a book account for goods sold and delivered.

*(March 9, 1904.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John P. Nields* for plaintiff.

*Herbert H. Ward* for defendant.

Superior Court, New Castle County, February Term, 1904.

SUMMONS CASE (No. 30, February Term, 1904). Motion for judgment notwithstanding affidavit of defense.

Affidavit of demand filed February 1, 1904, with copy of cause of action, consisting of various items of book account entries charged against defendant from May 7 to November 26, 1901, amounting to $629.

On February 8, 1904, defendant filed an affidavit of defense, alleging " that he verily believes there is a legal defense to a part of the cause of action in the said suit, the nature and character of which defense is as follows, to wit: That he never purchased or authorized the purchase of the following mentioned items of personal property and services of the copy of the book entries attached to the affidavit of demand in said suit, to wit, 1 upholstered spring (Newport) $35.00, 1 Mattress $45.00, 2 Linen slip covers $10.00, 2 Mahy. & Inlay Tray Chiffoniers $300.00, 1 Mahy. drop leaf table $110.00, Refinishing dining table top, etc., $16.25, 1 Gal. oil polish for Newport $6.00. Said defendant specifies as the sum which he admits to be due said plaintiff, to be the sum of One Hundred and Six Dollars and seventy-five cents. "

*Mr. Nields :*—I move for judgment notwithstanding the affidavit of defense.

The motion is made upon the ground that if the facts set forth are true they do not constitute a just and legal defense.

The affidavit of demand sets forth items of goods sold and delivered and work and labor performed which are properly chargeable in a book account.

The affidavit of defense sets forth that certain of the goods sold and delivered and of the services performed were not purchased or authorized to be purchased by the defendant.

The sole question in this case is whether the defendant is indebted for the above items, and not whether he purchased or authorized the purchase of the same.

The allegation that the defendant did not purchase the goods and services is entirely consistent with his liability to pay for them.

The word "purchase" means an agreement to buy. The averment that he did not purchase does not exclude the liability to pay imposed by law.

Defendant denies an express contract but does not deny an implied contract.

Defendant denies the bargain and sale of goods but not the sale and delivery of goods.

Defendant does not negative the delivery and use of the goods.

Defendant does not negative that the goods were bought as necessaries.

*15 Am. & Eng. Ency. Law, 876 ; Rev. Code, Chap. 106, Sec. 4, pages 789-790.*

The words "nature and character" of the defense have been interpreted by this Court in the following cases :

*Flagg vs. Taylor, 8 Houst., 165 ; Fidelity Mutual Insurance Co. vs. Simmons & Bro., 1 Pennewill, 474 ; Ridings vs. McMinamin, 1 Pennewill, 15.*

*Ward,* for defendant, replied.

LORE, C. J. :—The Court have considered the application of the plaintiff in the case of Davenport *vs.* Addicks, for judgment notwithstanding affidavit of defense. The affidavit of demand is based upon a book account for goods, wares and merchandise sold to the defendant, and his defense is that he never purchased a certain portion of these goods nor did he authorize anyone else to purchase them. It is true that there might be some other ground

of liability, as for instance, a person may receive goods, and, by the use of them and knowledge of the fact, make himself liable; but you could not recover in a case of that kind upon a book account for goods sold and delivered to him; it would not come within our statute and you would not be entitled to take judgment. The implied liability would be independent of the book account. The rule in all cases, if there be a doubt, is that we will not permit judgment to be taken at the first term on affidavit of demand. A reasonable construction of the word purchase would cover defendant's liability as purchaser either express or implied, upon a book account for goods sold and delivered, etc.

We refuse judgment.