ALFRED BLOOM, trading as MERCHANTS' SALES COMPANY, vs. ALEXANDER HANDLOFF.

1. ACCOUNT, ACTION ON—BOOK ACCOUNT—AFFIDAVIT OF DEFENSE.

Where an affidavit of demand is based on a book account for goods sold, an affidavit of defense stating that defendant "never purchased or authorized the purchase," and denying indebtedness in any sum, is sufficient.

2. APPEAL AND ERROR—REVIEW—TECHNICAL OBJECTIONS.

Objections that the jurat of such affidavit did not show that the affidavit was subscribed and sworn to before the notary, and that the caption omitted to state the year of the term, held too technical to merit consideration.

(May 1, 1916.)

PENNEWILL, C. J., and BOYCE, J., sitting.
John P. Le Fevre for plaintiff.
James M. Satterfield for defendant.
Superior Court, Kent County, April Term, 1916.

ACTION OF ASSUMPSIT, No. 15, April Term—.

Action in assumpsit by Alfred Bloom, trading as the Merchants' Sales Company, against Alexander Handloff. On motion for judgment notwithstanding affidavit of defense. Denied.

Plaintiff filed with his *praecipe* an affidavit of demand with copy of book entries attached, in order to obtain judgment at first term of court under the statute.

In the affidavit of defense, the defendant deposes and says (besides other necessary depositions):

"That he never purchased or authorized the purchase of any of the articles of personal property mentioned and described in the copy of the book entries attached to the affidavit of demand in said suit, and that he is not indebted to the said plaintiff in any sum whatever for or on account of said articles of personal property."

The jurat is as follows:

"Sworn to and subscribed the day and year aforesaid as witness my hand and notarial seal.
                              "[Seal.]      Edwin F. Wood, Notary Public."

PENNEWILL, C. J., delivering the opinion of the court.

[1, 2] A motion is made for judgment in the above case notwithstanding the affidavit of defense filed, for the following reasons:

1. In the caption the case is described as being "No. 15, April Term, A. D. —," the year not being stated.

2. The affidavit does not set out the nature and character of the defense, as the statute requires.

3. That the jurat does not show that the affidavit was sworn to and subscribed by the defendant *before* the notary who attested the jurat.

The court are of the opinion that the affidavit is sufficient. The second objection is met by the case of *Davenport Co. v. Addicks*, 5 *Penn.* 4, 57 *Atl.* 532. The other objections are too technical.

Judgment refused.